## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEVERIDGE & DIAMOND, P.C.<br>    1350 I Street, N.W., Suite 700<br>    Washington, DC 20005<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>  HEALTH AND HUMAN SERVICES<br>    Office of General Counsel<br>    200 Independence Ave., S.W.<br>    Room 713-F<br>    Washington, DC 20201,<br><br>            and<br><br>CENTERS FOR DISEASE CONTROL<br>  AND PREVENTION<br>    1600 Clinton Road<br>    Atlanta, GA 30333<br><br>            and<br><br>AGENCY FOR TOXIC SUBSTANCES<br>  AND DISEASE REGISTRY<br>    4770 Buford Highway, N.E.<br>    Atlanta, GA 30341<br><br>            Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**PRELIMINARY STATEMENT**

1.      Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, Plaintiff Beveridge & Diamond, P.C. ("Beveridge & Diamond") brings this action to compel the disclosure and release of agency records wrongly withheld by Defendants United

States Department of Health and Human Services ("HHS") and its components, the Centers for Disease Control and Prevention ("CDC") and Agency for Toxic Substances and Disease Registry ("ATSDR").

2.      Beveridge & Diamond filed a FOIA request with the CDC/ATSDR FOIA Office on September 7, 2012, requesting data and information developed in or about 2000 and 2001 by ATSDR during a community health screening program that was conducted in Libby, Montana, and used as a basis for a number of publications, including a 2012 publication by an ATSDR scientist. The requested information also provides a foundation for portions of an Environmental Protection Agency ("EPA") toxicological assessment nearing completion. *See, e.g.*, EPA, Draft Toxicological Review of Libby Amphibole Asbestos in Support of Summary Information on the Integrated Risk Information System (IRIS) (August 2011) at 4-29 to 4-35.

3.      The statutory deadline under FOIA for the CDC/ATSDR FOIA Office to respond to the request was October 9, 2012. To date the CDC/ATSDR FOIA Office has not provided a single responsive document, has not provided any determination with respect to the requested documents, has not provided any schedule as to when the documents will be made available, and has not asserted any exemption which would justify withholding the requested documents. CDC, ATSDR, and HHS have failed to meet their statutory and regulatory obligations under FOIA and HHS's implementing regulations.

4.      Time is of the essence, because the requested information is necessary for an independent evaluation of assumptions that underlie EPA's draft toxicological assessment. This independent evaluation could take weeks or months. However, EPA's assessment is moving forward and is scheduled for completion in Spring 2014. Each day that CDC/ATSDR delay the release of the information reduces the opportunity for the requester to have sufficient time to

conduct a meaningful evaluation. It is critical that the CDC/ATSDR FOIA Office promptly provide the requested information to allow for meaningful and appropriate public review and analysis of the information before EPA finalizes its assessment.

5. Having received no determination, documents, information, or response regarding a date certain for production from the CDC/ATSDR FOIA Office or HHS, Beveridge & Diamond has been forced to seek judicial relief and now requests that this Court order CDC, ATSDR, and HHS to expeditiously release the wrongly withheld documents.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

8. Plaintiff Beveridge & Diamond is a professional corporation incorporated in the District of Columbia with its principal office in Washington, D.C.

9. Defendant HHS is a Department of the Executive Branch of the United States Government, and includes CDC and ATSDR as two of its component entities. HHS is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession or control of the agency records Plaintiff seeks here.

10. Defendant CDC is a federal public health agency and operating division of HHS. CDC is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession or control of the agency records Plaintiff seeks here.

11.     Defendant ATSDR is a federal public health agency and operating division of HHS.  ATSDR is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession or control of the agency records Plaintiff seeks here.

## FACTS

12.     Beveridge & Diamond seeks data and information related to research on Libby amphibole asbestos conducted by Dr. Theodore Larson, a research scientist with ATSDR, and his associates and co-authors.  Dr. Larson is an ATSDR employee.

13.     On September 7, 2012, Beveridge & Diamond submitted a FOIA request to the CDC/ATSDR FOIA Office for: (1) the raw data used for analysis by Dr. Larson in the study *Larson TC, Lewin M, Gottschall EB, Antao VC, Kapil V, Rose CS.  Associations between radiographic findings and spirometry in a community exposed to Libby amphibole.  J Occup Environ Med. 2012 May. 69(5):361-6.  Epub 2012 Mar*; and (2) a glossary of terms and abbreviations used in or with that raw data.  *See* Letter from J. Lanham, Beveridge & Diamond, to CDC/ATSDR FOIA Office (Sept. 7, 2012) (attached as Exhibit 1).

14.     On September 10, 2012, the CDC/ATSDR FOIA Office acknowledged receipt of Beveridge & Diamond's FOIA request and assigned it CDC/ATSDR FOIA Request No. 12-01072-FOIA.  *See* Letter from K. Norris, CDC/ATSDR FOIA Officer, to J. Lanham, Beveridge & Diamond (Sept. 10, 2012) (attached as Exhibit 2).

15.     Under FOIA, the CDC/ATSDR FOIA Office had twenty working days -- until October 9, 2012 -- to respond to Beveridge & Diamond's FOIA request.  5 U.S.C. § 552(a)(6)(A)(i).  FOIA provides that, in the event "unusual circumstances" existed, the CDC/ATSDR FOIA Office could have extended the October 9, 2012 deadline by a maximum of ten working days by providing "written notice to [Beveridge & Diamond] setting forth the

unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i); *see also* 45 C.F.R. § 5.35(c) ("We will notify you in writing of any extension.").

16. The letter of acknowledgement from the CDC/ATSDR FOIA Office stated that CDC/ATSDR "will be unable to comply with the twenty-working-day time limit in this case, as well as the ten additional days provided by the statute." *See* Exhibit 2.

17. The CDC/ATSDR FOIA Office provided no determination and produced no documents by either the October 9, 2012 deadline or October 23, 2012, which was ten working days after the October 9, 2012 deadline.

18. Beveridge & Diamond contacted the CDC/ATSDR FOIA Office on a number of occasions over the next five months to inquire as to the status of the September 7, 2012 request and to try to facilitate the production of responsive documents, yet received no documents and no schedule for their production. *See* Letter from K. Norris, CDC/ATSDR FOIA Officer, to J. Lanham, Beveridge & Diamond (Nov. 15, 2012) (attached as Exhibit 3); Email from J. Lanham, Beveridge & Diamond, to L. Spencer, CDC/ ATSDR FOIA Office (Jan. 28, 2013) (attached as Exhibit 4); Email from J. Lanham, Beveridge & Diamond, to L. Spencer, CDC/ ATSDR FOIA Office (Mar. 6, 2013) (attached as Exhibit 5).

19. In response to one such inquiry, on November 15, 2012, the CDC/ATSDR FOIA Officer stated by letter that "[p]rogram staff have completed their search for the records you requested, and your case is currently in this office awaiting final review. Processing time is contingent upon the number of requests ahead of yours and their complexity and volume. Therefore, we are unable to give you an exact timeframe for completion of your request." *See* Exhibit 3.

20. On January 7, 2013, Beveridge & Diamond called the CDC/ATSDR FOIA Office to obtain an update on the status of the September 7, 2012 request. During that call, the CDC/ATSDR FOIA Office indicated that it was in possession of the requested data and that it was in an electronic format. The CDC/ATSDR FOIA Office indicated that this electronic data was awaiting final review and that it could take "months" for it to begin the final review. The CDC/ATSDR FOIA Office would not provide a schedule for providing the electronic data to Beveridge & Diamond, or any response indicating whether and when the requested information will be produced. Beveridge & Diamond stressed to the CDC/ATSDR FOIA Office that it was important that the requested data and information be made available in a timely manner because they served as the foundation for certain influential studies that are highly relevant to EPA's ongoing risk assessment of Libby amphibole asbestos. Beveridge & Diamond explained that if the data cannot be viewed in a timely manner during this ongoing assessment process, public participation and transparency would be compromised. *See* Exhibit 4.

21. On January 16, 2013, Beveridge & Diamond called the CDC/ATSDR FOIA Office in an effort to facilitate the production of the electronic data that was awaiting final review. During that call, the CDC/ATSDR FOIA office acknowledged that the requested information was in an easy-to-produce electronic format and that any privacy concerns related to the requested information could easily be addressed by deleting entire electronic data fields. *See* Exhibit 4.

22. On January 28, 2013, Beveridge & Diamond sent an email to the CDC/ATSDR FOIA Office, requesting that the CDC/ATSDR FOIA Office produce the requested data as quickly as possible, because of the importance of producing that data and the ease of doing so. *See* Exhibit 4.

23. Since that date, Beveridge & Diamond has made repeated efforts to obtain information on the status of its September 7, 2012 request and to facilitate the production of the requested information.  *See*, *e.g.* Exhibit 5.

24. As of the date of the filing of this Complaint, nearly eleven months after its original request, nearly ten months after the statutory deadline for a determination, and in the wake of repeated communications with the CDC/ATSDR FOIA Office about Beveridge & Diamond's need for the documents and willingness to accommodate any privacy concerns the CDC/ATSDR FOIA Office may have with respect to the requested data, Beveridge & Diamond has received no determination of any sort from the CDC/ATSDR FOIA Office, no data or information responsive to the September 7, 2012 request, and no response indicating whether and when the requested data and information will be produced.

## CLAIM FOR RELIEF
**(Failure to Provide Agency Records in Violation of FOIA and HHS Regulations)**
**(5 U.S.C. § 552, 45 C.F.R. Part 5)**

25. Paragraphs Nos. 1 through 23 are incorporated here by reference.

26. CDC, ATSDR, and HHS violated FOIA and HHS regulations by failing to make properly requested records promptly available to Beveridge & Diamond.  *See* 5 U.S.C. § 552(a)(3)(A); 45 C.F.R. § 5.35(b)(1).

27. CDC, ATSDR, and HHS violated FOIA and HHS regulations by failing to make a determination whether to comply with Beveridge & Diamond's September 7, 2012 FOIA request within twenty working days and "immediately notify [Beveridge & Diamond] of such determination and the reasons therefor," *see* 5 U.S.C. § 552(a)(6)(A)(i), and by failing to provide

the documents or make them available for inspection as soon as possible after such determination.  *See* 45 C.F.R. § 5.35(b)(1).

28.     CDC, ATSDR, and HHS violated FOIA and HHS regulations when they failed to provide Beveridge & Diamond written notice requesting an extension of the response deadline, accompanied by an explanation of the unusual circumstances and a date on which a determination is expected.  *See* 5 U.S.C. § 552(a)(6)(B)(i); 45 C.F.R. § 5.35(c).

29.     Beveridge & Diamond is deemed to have exhausted its administrative remedies as a result of CDC's, ATSDR's, and HHS's failure to comply with the applicable time provisions of 5 U.S.C. §§ 552(a)(6)(A)-(B).  *See* 5 U.S.C. § 552(a)(6)(C); 45 C.F.R § 5.35(a).

30.     Beveridge & Diamond has a statutory right to the records it has requested, and, with no legal basis, CDC, ATSDR, and HHS failed to release even a single responsive document, respond to Beveridge & Diamond's request in a timely manner, or provide any schedule or expected date for releasing the requested information.

## REQUEST FOR EXPEDITED PROCEEDINGS

31.     "Good cause" exists for expediting these proceedings pursuant to 28 U.S.C. § 1657.

32.     CDC, ATSDR, and HHS have violated Beveridge & Diamond's rights under a Federal Statute, FOIA, 5 U.S.C. § 552.  *See* 28 U.S.C. § 1657(a).

33.     EPA has reviewed and relied on studies that are based on the requested ATSDR data and information as part of its ongoing Libby amphibole asbestos assessment, and is expected to complete the assessment by Spring 2014.  The public cannot respond to and participate in EPA's risk assessment process in a meaningful manner unless the CDC/ATSDR

FOIA Office provides the requested information promptly, so that it can be reviewed and evaluated, and any appropriate responses can be prepared and submitted, before EPA completes its Libby amphibole asbestos review in Spring 2014.

34.  The ongoing failure by CDC, ATSDR, and HHS to respond to Beveridge & Diamond's September 7, 2012 FOIA request is materially affecting Beveridge & Diamond's ability to respond to and participate in EPA's assessment of Libby amphibole asbestos.

## REQUESTED RELIEF

WHEREFORE, Beveridge & Diamond requests that the Court award the following relief:

A.  Declare that the failure by CDC, ATSDR, and HHS to disclose the records requested by Beveridge & Diamond is unlawful;

B.  Order CDC, ATSDR, and HHS to disclose the requested agency records to Beveridge & Diamond within ten days of this Court's order compelling production;

C.  Provide for expeditious proceedings in this action;

D.  Award Beveridge & Diamond its costs and reasonable attorney fees incurred in this action; and

E.  Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*David A. Barker*
_____
BEVERIDGE & DIAMOND, P.C.
David A. Barker (Bar No. 486283)
1350 I Street, N.W., Suite 700
Washington, DC 20005
Tel: (202) 789-6050
Fax: (202) 789-6177